**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NATIONAL RIFLE ASSOCIATION OF AMERICA,** | § | |
| | § | |
| | § | |
| **Plaintiff and Counter-Defendant,** | § | |
| | § | |
| **and** | § | |
| | § | |
| **WAYNE LAPIERRE,** | § | |
| | § | |
| **Third-Party Defendant,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:19-cv-02074-G** |
| | § | |
| **ACKERMAN MCQUEEN, INC.,** | § | |
| | § | |
| **Defendant and Counter-Plaintiff,** | § | |
| | § | |
| **and** | § | |
| | § | |
| **MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, MELANIE MONTGOMERY, AND JESSE GREENBERG,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure, Rule 45(A)(4), Plaintiff, the National Rifle Association of America, by and through its counsel of record, hereby gives notice of a Subpoena to **American Clean Skies Foundation**, by service to its registered corporate agent David M. Lubitz, at 210 5th Street, NE Washington, D.C. 20002, to produce any and all responsive documents or tangible things as requested therein. Pursuant to Fed. R. Civ. P. 34(b)(1)(C), documents shall be produced to Plaintiff in Tagged Image File Format ("TIFF") with (a) an extracted text file containing searchable text for each electronic document, (b) an Optical Character Recognition text file for each imaged paper document, (c)

1

# EXHIBIT A

Metadata Data load file (DAT) and (d) Image load files (OPT).  Non-convertible files shall be

produced in native format. A true and correct copy of the Subpoena is attached hereto.


Dated:  January 24, 2020                                    Respectfully submitted,

                                                           **BREWER, ATTORNEYS &
                                                           COUNSELORS**


                                               By: */s/ Jason C. McKenney*
                                                     Jason C. McKenney
                                                     State Bar No. 24070245
                                                     jcm@brewerattorneys.com
                                                     Michael J. Collins
                                                     State Bar No. 00785493
                                                     mjc@brewerattorneys.com
                                                     1717 Main Street, Suite 5900
                                                     Dallas, Texas 75201
                                                     Telephone: (214) 653-4000
                                                     Facsimile: (214) 653-1015

                                                     **ATTORNEYS FOR PLAINTIFF THE
                                                     NATIONAL RIFLE ASSOCIATION OF
                                                     AMERICA**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served upon counsel of record in the above cause via electronic and first-class mail in accordance with the Federal Rules of Civil Procedure and the Local Rules on January 24, 2020.


*/s/ Jason C. McKenney*  
Jason C. McKenney (State Bar No. 24070245)

4840-6547-0898.1

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| The National Rifle Association of America | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) |
| Ackerman McQueen, Inc., and | ) |
| Mercury Group, Inc., et al. | ) |
| *Defendant* | ) |

Civil Action No.   3:19-cv-02074-G

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        American Clean Skies Foundation by service to its registered corporate agent
David M. Lubitz, at 210 5th Street, NE Washington, D.C. 20002

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

        See Attachment A.

| Place: Briglia Hundley PC<br>1921 Gallows Rd #750,<br>Tysons, VA 22182 | Date and Time:<br><br>02/10/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      01/24/2020

                *CLERK OF COURT*

                                                OR

_____                _____
        *Signature of Clerk or Deputy Clerk*                        /s/ Jason C. McKenney
                                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
The National Rifle Association of America_____ , who issues or requests this subpoena, are:

Jason C. McKenney 1717 Main Street, Suite 5900, Dallas, TX  75201; JCM@BrewerAttorneys.com; (214) 653-4837

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:19-cv-02074-G

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                             *Server's signature*

                                             _____
                                             *Printed name and title*

                                             _____
                                             *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NATIONAL RIFLE ASSOCIATION OF AMERICA,** | § | |
| | § | |
| | § | |
| **Plaintiff and Counter-Defendant,** | § | |
| | § | |
| **and** | § | |
| | § | |
| **WAYNE LAPIERRE,** | § | |
| | § | |
| **Third-Party Defendant,** | § | |
| | § | **Civil Action No. 3:19-cv-02074-G** |
| **v.** | § | |
| | § | |
| **ACKERMAN MCQUEEN, INC.,** | § | |
| | § | |
| **Defendant and Counter-Plaintiff,** | § | |
| | § | |
| **and** | § | |
| | § | |
| **MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, MELANIE MONTGOMERY, AND JESSE GREENBERG,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**ATTACHMENT A TO SUBPOENA *DUCES TECUM***

**I.**
**DEFINITIONS**

1.      The term "**complaint**" shall mean the Complaint filed in this case, recorded by the Court under Civ. No. CL19001757.

2.      The terms "**communication**," "**communicate**," and "**communicated**" shall mean any oral, written, or recorded utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, e-mails, text messages, conversations, facsimiles, letters, telegrams, cables, telexes, dialogues, discussions, negotiations, interviews, consultations, telephone calls, agreements, and other understandings, among two or more persons. The term "**communication**" includes written summaries of any of the foregoing communications.

1

3.      The terms "**document**" and "**record**" shall mean all writings of any sort and each term should be construed in its broadest sense to include, but not be limited to, all original and non-identical copies, whether by reason of marginalia or other notes or alterations, and all preliminary or subsequent drafts of the following items, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements, communications, correspondence, letters, telegrams, cables, telexes, memoranda, records, books, journals, summaries of records or papers, minutes,  calendars, affidavits, recordings (video or audio), electronic mail, text messages, memoranda of telephone calls, conversations, telephone calls, meetings, contracts, notes, marginal comments appearing on or affixed to any document, day timers, date books, messages, letters of credit, invoices, statements of account, financial statements, receipts, promissory notes, security agreements, deeds of trust, instruments purporting to grant or evidencing any security interest or lien, loan agreements, projections, working papers, securities, ledgers, cancelled checks and bank drafts (front and back), check stub receipts, and other data, documents, papers, or writings of whatever description including, but not limited to, any data or information which is electronically recorded or shared, contained in any computer, mobile device, or other information retrievable device or that otherwise can be obtained or translated through detection devices or other means into any reasonably useable or recordable format.

4.      The term "**related to**" shall mean concerning, relating to, reflecting, referring to, having a relationship to, pertaining to, identifying, containing, pertinent to, setting forth, showing, disclosing, describing, explaining, summarizing, evidencing, or constituting, directly or indirectly, in whole or in part, or to be otherwise factually, legally or logically connected to the subject matter of the particular Request.

5.      The terms "**You**" or "**Your**" shall mean shall mean the person or entity summoned in the attached subpoena, including but not limited to, all present and former agents, employees, representatives, advisors, officers, task force officers, attorneys, consultants, investigators, individuals, and entities acting on behalf of, or pursuant to, the direction of such person or entity.

6.      The term "**Digital Media**" shall mean all digitized content including but not limited to digital images, software, digital video, web pages, social media, digital audio, news articles, blog articles, RSS feeds, video content, and any other types of digital content, produced by individuals or an organization, where a certain brand, products, or services are shown.

7.      "**Viewership Analytics**" shall mean any analysis, summary, or presentation of audience membership or viewership, including but not limited to, statistics, demographics, or any other type of data related to the audience and viewership of specific TV content, digital content, or any other type of media programming.

## II.
## REQUESTS FOR PRODUCTION

1.      Documents that relate to the scope of work and/or services provided to You by Ackerman McQueen, Inc. ("AMc") or Mercury Group, Inc. ("Mercury"), including, but not limited to, identifying all AMc employees, officers, directors, or agents providing such services.

2

2.      Documents concerning the Digital Media programming and content or platform that AMc provided to You, including but not limited to, any Viewership Analytics provided by AMc and documents concerning how AMc created or otherwise generated the Viewership Analytics.

3.      Documents concerning forecasts, predictions, or estimates provided to You by AMc concerning the Digital Media and content or platform.

4.      Documents concerning the actual performance or success of the Digital Media content and platform.

5.      Budgets for services provided or to be provided by AMc or Mercury to You, that were prepared by You, AMc, or Mercury concerning the Digital Media content and platform.

6.      Documents that relate to the amount of money spent by You on the Digital Media content and platform.

7.      Bills, invoices, and other requests for payment You received from AMc or Mercury concerning Digital Media content and platform.

8.      Documents reflecting any concerns about or requests to AMc for information on CleanSkies.tv or Your Digital Media content and platform, including but not limited to, documents concerning AMc's response.

9.      Documents and communications, prepared by You, AMc, or Mercury, that refer or relate to the following projects: CleanSkies.tv.